UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:12-CR-294-02 |
| | : | |
| v. | : | (JUDGE KOSIK ) |
| | : | |
| AHMAD FERAS DIRI, | : | (ELECTRONICALLY FILED) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered into by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A.  Violation(s), Penalties, and Dismissal of Other Counts

1.    Guilty plea.  The defendant agrees to plead guilty to Count 1

of the Indictment, which charges the defendant with a violation of Title

18, United States Code, Section 371, conspiracy.  The maximum penalty

for that offense is imprisonment for a period of 5 years, a fine of

$250,000, a maximum term of supervised release of 3 years to be

determined by the court, which shall be served at the conclusion of and

in addition to any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in that count. After sentencing, the United States will move for dismissal of any remaining counts. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge to which the defendant pleads guilty pursuant to this Agreement subsequently are vacated, set aside, or invalidated by the district court or appellate court. The defendant further agrees to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2

2.    <u>No Further Prosecution, Except Tax Charges</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

**B.  Fines and Assessments**

3.    <u>Fine</u>.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement.  Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

4.    <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that

3

any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

5.   Inmate Financial Responsibility Program.  If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

6.   Special Assessment.  The defendant understands that the court will impose a special assessment of $100 pursuant to the provisions of Title 18, United States Code, Section 3013.  Not later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant

4

intentionally fails to make this payment this failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

7.  Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a)  to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office not later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any

prohibition against communication with a represented party by

the Government  regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit

reports in order to evaluate the defendant's ability to satisfy any

financial obligations imposed by the court;

(f) to submit any financial information requested by the Probation

Office as directed and to the sharing of financial information

between the Government and the Probation Office.

## C.  Sentencing Guidelines Calculation

8.    <u>Determination of  Sentencing Guidelines.</u>    The defendant

and counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987, and its

amendments, as interpreted by *United States v. Booker*, 543 U.S. 220

(2005), will apply to the offense or offenses to which the defendant is

pleading guilty.  The defendant further agrees that any legal and

factual issues relating to the application of the Federal Sentencing

Guidelines to the defendant's conduct, including facts to support any

specific offense characteristic or other enhancement or adjustment and

the appropriate sentence within the statutory maximums provided for by law, will be determined by the court after briefing, a pre-sentence hearing, and/or a sentencing hearing.

9.   <u>Acceptance of Responsibility–Three Levels</u>.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a three-level reduction shall not be a basis to void this Plea Agreement.

**D. Sentencing Recommendation**

10.   <u>Appropriate Sentence Recommendation</u>.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the

7

maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

11.  <u>Special Conditions of Probation/Supervised Release</u>.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house, or similar facility.

(g) The defendant be placed under home confinement.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## F. Forfeiture of Assets

12.  Forfeiture.  The present indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party.  Defendant agrees to settle any civil and criminal forfeiture matters arising out of the defendant's conspiracy to: (1) violate the export law of the United States by exporting goods to Syria; and (2) to commit wire fraud and money laundering.  Defendant further agrees to the following:

(a)   Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Indictment/Information;

10

(b)     Immediate entry of the preliminary order of forfeiture and/or the filing of a civil complaint by the United States pursuant to Title 18, United States Code; Section 981;

(c)     Waiver of the right to personal service of all process and naming of William Ruzzo, 590 Rutter Avenue, Kingston, PA 18704 as agent for service of all process;

(d)     Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

(e)     The filing and entry of a consent decree of forfeiture;

(f)     Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

(g)     Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

11

(h)   Payment of costs associated with the seizure, storage, and maintenance of the any asset being returned to defendant as a result of this Agreement;

(i)   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney fees and costs of litigation;

(j)   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures.

13.   <u>Disclosure of Assets</u>.  This Agreement is being entered into by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this

12

provision of the Plea Agreement.  The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Plea Agreement, subjecting the defendant to the sanctions set forth in this Plea Agreement.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

14.   <u>No Further Forfeiture</u>.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family.  This Agreement does not prevent the Internal Revenue Service from the collection of taxes or the seizure of assets to satisfy those taxes.

15.   <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>.  By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States.  These steps include but are not limited to surrender of title; signing of a consent

decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers.  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

## G.  Victims' Rights and Restitution

16.   Victims' Rights.  The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

(a)    The right to be reasonably protected from the accused;

14

(b)     The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

(c)     The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding;

(d)     The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding.  The defendant understands that the victim's comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

(e)     The reasonable right to confer with the attorney for the Government in the case.  The defendant understands that the victim's opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

15

(f)    The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

(g)    The right to proceedings free from unreasonable delay; and

(h)    The right to be treated with fairness and with respect for the victim's dignity and privacy.

## H.  Information Provided to Court and Probation Office

17.    Background Information for Probation Office.  The defendant also understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

18.   Objections to Pre-Sentence Report.   The defendant
understands that pursuant to the United States District Court for the
Middle District of Pennsylvania "Policy for Guideline Sentencing" both
the United States and defendant must communicate to the Probation
Officer within fourteen (14) days after disclosure of the pre-sentence
report any objections they may have as to material information,
sentencing classifications, sentencing guideline ranges and policy
statements contained in or omitted from the report.   The defendant
agrees to meet with the United States at least five (5) days prior to
sentencing in a good faith attempt to resolve any substantive
differences.   If any issues remain unresolved, they shall be
communicated to the Probation Officer for inclusion in an addendum to
the pre-sentence report.   The defendant agrees that unresolved
substantive objections will be decided by the court after briefing, or a
pre-sentence hearing, or at the sentencing hearing where the standard
or proof will be a preponderance of the evidence, and the Federal Rules
of Evidence, other than with respect to privileges, shall not apply under
Fed. R. Evid. 1101(d)(3), and the court may consider any reliable

17

evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

19. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

20. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of

18

Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## I.  Court Not Bound by Plea Agreement

21.   <u>Court Not Bound by Terms</u>.  The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made by the parties.  Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 5 years, a fine of $205,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

22.   <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant

be permitted to withdraw any pleas should the court decline to follow any recommendations by any of the parties to this Agreement.

## J.   Breach of Plea Agreement by Defendant

23.   <u>Breach of Agreement</u>.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether or not the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

24.   <u>Remedies for Breach</u>.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a) The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)   The United States will be free to make any recommendations to the court regarding sentencing in this case;

(c)   Any evidence or statements made by the defendant during the cooperation phase will be admissible at any trials or sentencings;

(d)   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy or other similar grounds.

25.   <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives

information that the defendant has committed new crimes while

awaiting plea and/or sentencing in this case, the government may

petition the court and, if the court finds by a preponderance of the

evidence that the defendant has committed any other criminal offense

while awaiting plea or sentencing, the Government shall be free at its

sole election to either:  (a) withdraw from this Agreement; or (b) make

any sentencing recommendations to the court that it deems appropriate.

The defendant further understands and agrees that, if the court finds

that the defendant has committed any other offense while awaiting plea

or sentencing, the defendant will not be permitted to withdraw any

guilty pleas tendered pursuant to this Plea Agreement, and the

government will be permitted to bring any additional charges which it

may have against the defendant.


## K.    Transfer of Information to IRS

26.    <u>Transfer of Case to IRS</u>.  The defendant agrees to interpose

no objection to the United States transferring evidence or providing

information concerning the defendant and/or this offense, to other state

and federal agencies or other organizations, including, but not limited
to the Internal Revenue Service, law enforcement agencies and
licensing and regulatory agencies.

27.   <u>Collection Action by IRS</u>.  Nothing in this Agreement shall
limit the Internal Revenue Service in its collection of any taxes, interest
or penalties due from the defendant arising out of or related in any way
to the offenses identified in this Agreement.

28.   <u>Rule 6(e) Order for Transfer of Information to IRS</u>.  The
defendant agrees to interpose no objections to the entry of an order
under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination
Division of the Internal Revenue Service of the defendant's documents,
or documents of third persons, in possession of the Grand Jury, the
United States Attorney or the Criminal Investigation Division of the
Internal Revenue Service.

29.   <u>Cooperation with IRS</u>.  The defendant agrees to fully comply
and cooperate with the Internal Revenue Service by filing all delinquent
or amended tax returns by the date of the defendant's sentencing, and
to timely file all future returns which may come due during the term of

incarceration, probation or supervised release.  The defendant also

agrees to cooperate with the Internal Revenue Service by furnishing the

Internal Revenue Service with all information pertaining to the

defendant's assets and liabilities, as well as all documentation in

support of tax returns filed by the defendant during the term of any

sentence imposed pursuant to this guilty plea.  The defendant further

agrees to pay all taxes, interests and penalties due and owing to the

United States and otherwise fully comply with the tax laws of the

United States.  The defendant understands, and agrees, that this

requirement of full compliance with federal tax laws may be made a

condition of any probation or supervised release imposed in this case.

## N.   Deportation

30.   <u>Deportation/Removal from the United States</u>.  The

defendant understands that, if defendant is not a United States citizen,

deportation/removal from the United States is a possible consequence of

this plea.  The defendant further agrees that this matter has been

discussed with counsel who has explained the immigration

consequences of this plea.  Defendant still desires to enter into this plea after having been so advised.

31.  <u>Agreement to Deportation</u>.  The defendant understands that he will be deported from the United States as a result of this conviction and the defendant agrees not to oppose any such removal/deportation proceedings or to appeal any order of removal/deportation. Furthermore, the defendant agrees to cooperate with the United States in all proceedings and actions related to deportation in order to expedite deportation.

## O.   **Appeal Waiver**

32.  <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 18, United States Code, Section 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which

that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005). The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

## P.  Other Provisions

33.   <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

34.   <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

35.   <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

36.   <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

27

37.   <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., February 26, 2016, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

38.   <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

4/13/16
Date

Ahmad Feras Diri
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

28

4/13/16
Date

William Ruzzo
Counsel for Defendant

I certify that the plea agreement was read in its entirety to the defendant in the Arabic language and that it was a true and accurate translation.

_____
Date

INTERPRETER

PETER J. SMITH
UNITED STATES ATTORNEY

4 - 20 - 16
Date

By: _____
Todd K. Hinkley
ASSISTANT U.S. ATTORNEY

tkh/USAO#2011R000213/January 19, 2016
VERSION DATE: November 28, 2014

29